**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-4153**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NORMAN LAQUINN HEWETT,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Dever III, District Judge. (7:20-cr-00163-D-1)

---

Submitted: November 16, 2023                    Decided: November 22, 2023

---

Before AGEE and RICHARDSON, Circuit Judges, and FLOYD, Senior Circuit Judge.

---

Affirmed in part, dismissed in part by unpublished per curiam opinion.

---

**ON BRIEF**: Mitchell G. Styers, BANZET, THOMPSON, STYERS & MAY, PLLC, Warrenton, North Carolina, for Appellant. David A. Bragdon, Assistant United States Attorney, John Gibbons, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Norman Laquinn Hewett seeks to appeal the 108-month sentence imposed following his guilty plea to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine and 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(B), 846; possession with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B); and possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2018).[*] Hewett's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether Hewett's sentence is reasonable. Although informed of his right to file a pro se supplemental brief, Hewett has not done so.

The Government has filed a motion to dismiss the appeal on the ground that Hewett's appeal is barred by the appeal waiver included in the plea agreement. We review de novo the validity of an appeal waiver. *United States v. Cohen*, 888 F.3d 667, 678 (4th Cir. 2018). Where, as here, the Government seeks to enforce the appeal waiver and has not breached the plea agreement, we will enforce the waiver if it is valid and the issue being appealed falls within the waiver's scope. *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). A defendant validly waives his appeal rights if he agreed to the waiver

---

[*] Section 924(a)(2) was amended and no longer provides the penalty for § 922(g) convictions; the new penalty provision in 18 U.S.C. § 924(a)(8) sets forth a statutory maximum sentence of 15 years' imprisonment for a § 922(g) offense. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1414, 1329 (2022). The 15-year statutory maximum does not apply in this case, however, because Hewett committed the offense before the June 25, 2022, amendment of the statute.

2

"knowingly and intelligently." *Id.* To determine whether a waiver is knowing and intelligent, "we consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). Generally, "if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted).

Upon review of the plea agreement and the transcript of the Rule 11 hearing, we conclude that Hewett knowingly and voluntarily waived his right to appeal and that any challenge to his sentence falls squarely within the compass of the appellate waiver. Accordingly, we grant the Government's motion in part.

Pursuant to *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal that fall outside the scope of the appeal waiver. We therefore affirm the remainder of the district court's judgment. This court requires that counsel inform Hewett, in writing, of the right to petition the Supreme Court of the United States for further review. If Hewett requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hewett.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*